IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LESLIE ERIC ACKERMAN,<br><br>Defendant. | CR-04-108-GF-BMM<br><br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

The United States accused Mr. Ackerman of violating his conditions of supervised release by 1) associating with persons engaged in criminal activity, 2) using a controlled substance, and 3) frequenting places where controlled substances are illegally sold, used, or administered.  Mr. Ackerman admitted to the violations.  His supervised release should be revoked, and he should be sentenced to six months in custody, with fifty-four months of supervised release to follow.  Upon release from custody, Mr. Ackerman shall be subject to the modified conditions of supervised release as reflected in the judgment.

## II. Status

1

On September 28, 2004, Mr. Ackerman pleaded guilty to Aggravated Sexual Abuse. (Doc. 21). United States District Sam Haddon sentenced him to 180 months in custody, with sixty months of supervised release to follow, on January 13, 2005. (Doc. 25). Mr. Ackerman began his current term of supervised release on February 27, 2018.

On March 19, 2018, the United States filed a petition seeking a Modification of the Conditions or Term of Supervision. (Doc. 34). The Unite States argued that the modifications were necessary to bring Mr. Ackerman's conditions into compliance with the current law, as they were originally set in 2005. Mr. Ackerman agreed and signed a waiver for a hearing to modify his conditions, but Mr. Ackerman's attorney indicated he would not agree to modify the conditions or waive a hearing. A summons was issued for Mr. Ackerman, and the Court set a hearing on the matter for March 29, 2018. (Doc. 35).

**Amended Petition**

On March 27, 2018, the Probation Office filed an Amended Petition for Warrant for Offender Under Supervision, accusing Mr. Ackerman of violating the conditions of his supervised release by 1) associating with persons engaged in criminal activity, 2) using a controlled substance, and 3) frequenting places where controlled substances are illegally sold, used, distributed, or administered. The

alleged violations stem from an incident at Mr. Ackerman's motel room, where it is alleged that police officers responded to a call alleging drug transactions were taking place based on foot traffic and people entering and leaving the room. After cleaning the room, housekeeping noticed what appeared to be a methamphetamine pipe and several empty plastic bindles. United States Probation Officers responded to Mr. Ackerman's room, and after searching, discovered a methamphetamine pipe and two empty bindles in Mr. Ackerman's duffel bag. The petition also alleges that Mr. Ackerman admitted that he knew the people who left his room were using methamphetamine, but vehemently denied that he had used methamphetamine. The petition states that Mr. Ackerman was subsequently tested, which was positive for methamphetamine and opiates, after which Mr. Ackerman admitted to smoking methamphetamine four times since being released from custody, including the evening of March 23, 2018, as well as ingesting Tylenol 3, for which he did not have a prescription. (Doc. 36). Based on the petition, United States District Court Judge Brian Morris issued a warrant for Mr. Ackerman's arrest. (Doc. 37).

**Initial appearance**

Mr. Ackerman responded to the Summons on March 29, 2018, in Great Falls, Montana. The Court heard argument regarding the petition to modify the conditions of supervised release. Mr. Ackerman's counsel reserved his right to

object to the conditions in the event of a revocation. Because the objection is not ripe at this time, the Court will modify Mr. Ackerman's conditions as follows:

1. All employment must be approved in advance in writing by the United States Probation Office. The defendant shall consent to third-party disclosure to any employer or potential employer.

2. The defendant shall enter and successfully complete a sex offender treatment program. The defendant is to enter a program designated by, and until released by, the United States Probation Office. The defendant is to pay all or part of the costs of treatment as directed by United States Probation Office.

3. The defendant shall submit to not more than six polygraph examinations per year as directed by United States Probation to assist in treatment, planning, and case monitoring. The defendant maintains the Fifth Amendment rights during polygraph examinations and may refuse to answer any incriminating questions. The defendant is to pay all or part of the cost of the examinations as directed by United States Probation Office.

4. The defendant shall not be allowed to do the following without prior written approval of United States Probation: knowingly reside in the home, residence, or be in the company of any child under the age of 18, with the exception of their own children; go to or loiter within 100 yards of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18.

5. The defendant shall not possess camera phones or electronic devices that could be used for covert photography without the prior written approval of the United States Probation Office.

6. The defendant shall not knowingly acquire, possess, or view any materials depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), if the materials, taken as a whole, are primarily designed to arouse sexual desire, unless otherwise approved by the supervising

4

probation officer in conjunction with defendant's sex offender treatment provider. This condition applies to written stories, visual, auditory, telephonic, or electronic media, computer programs or services, and any visual depiction as defined in 18 U.S.C. § 2256(5).

The defendant shall not knowingly patronize any place where sexually explicit material or entertainment is the primary item of sale, such as adult bookstores, clubs, or Internet sites, unless otherwise approved by the supervising probation officer in conjunction with defendant's sex offender treatment provider. The defendant shall not utilize 900 or adult telephone numbers or any other sex-related numbers, or on-line chat rooms that are devoted to the discussion or exchange of sexually explicit materials as defined above.

7. The defendant shall submit his person, and any property, residence, place of employment, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, to which the defendant has access, to a search at a reasonable time and a reasonable manner, with or without a warrant, by the United States Probation Office, or by any law enforcement officers upon the express direction of the United States Probation Office, with reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by the defendant. Failure to submit to search may be grounds for revocation. The defendant shall warn any other occupants, adults, and minors that the premises may be subject to searches pursuant to this condition. The defendant shall allow seizure of suspected contraband for further examination.

8. The defendant may own or possess only one device approved by the United States Probation Office that has access to online services. If that device is not a phone, the defendant may also possess one mobile phone that has no online capability or camera. The defendant shall notify the probation officer of the device(s) prior to initial use. The defendant shall not own, possess, or use any additional devices without the prior written approval of the probation officer. The defendant's approved devices shall be capable of being monitored and

compatible with monitoring hardware, software, or other technology approved by the probation office. The defendant shall allow the probation officer to make unannounced examinations of all computer, hardware, and software, which may include the retrieval and copying of all data from defendant's computer. The defendant shall allow the probation officer to install software to restrict the defendant's computer access or to monitor the defendant's computer access. The defendant shall pay the cost of monitoring, as directed by the United States Probation Office.

The defendant shall not use any computer device to access sexually explicit materials as defined in these conditions nor to contact minors or gather information about a minor.

The defendant shall not possess encryption or steganography software. The defendant shall provide records of all passwords, Internet service, and user identifications (both past and present) to the probation officer and immediately report changes. The defendant shall sign releases to allow the probation officer to access phone, wireless, Internet, and utility records.

9. The defendant shall participate in and successfully complete a program of substance abuse treatment as approved by the United States Probation Office, until the defendant is released from the program by the probation officer. The defendant is to pay part or all of the cost of this treatment, as directed by the United States Probation Office.

10. The defendant shall abstain from the consumption of alcohol and shall not enter establishments where alcohol is the primary item of sale.

11. The defendant shall participate in substance abuse testing to include not more than 104 urinalysis tests, not more than 104 breathalyzer tests, and not more than 36 sweat patch applications annually during the period of supervision. The defendant shall pay all or part of the costs of testing as directed by the United States Probation Office.

12. The defendant shall not possess, ingest or inhale any toxic substances such as, but not limited to, synthetic marijuana and/or synthetic stimulants that are not manufactured for human consumption, for the purpose of altering his mental or physical state.

13. The defendant shall not purchase, possess, use, distribute or administer marijuana, or obtain or possess a medical marijuana card or prescription.

14. The defendant shall participate in a program for mental health treatment as deemed necessary by the United States Probation Officer, until such time as the defendant is released from the program by the probation officer. The defendant is to pay part or all of the cost of this treatment, as directed by the United States Probation Office.

15. The defendant shall have no contact with victim(s) in the instant offense.

During the hearing on March 29, 2018, the United States Marshals executed Mr. Ackerman's arrest warrant. That same day, Mr. Ackerman appeared before the undersigned for the an initial appearance on the amended petition to revoke his supervised release. Federal Defender Evangelo Arvanetes accompanied him at the initial appearance. Assistant United States Attorney Ryan Weldon represented the United States.

Mr. Ackerman said he had read the petition and understood the allegations. He waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Ackerman admitted to the violations. The violations are serious and warrant revocation of his supervised release.

Mr. Ackerman's violation grade is Grade C, his criminal history category is I, and his underlying offense is a Class A felony. He could be incarcerated for up to sixty months. He could be ordered to remain on supervised release for sixty months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Arvanetes recommended that the Court defer sentencing for ninety to 120 days to allow Mr. Ackerman to let him get himself back on track. Mr. Ackerman exercised his right of allocution and stated that he knew he shouldn't have been running with the wrong crowd like he was, and noted that his being sick with cancer made life difficult. Mr. Weldon recommended a sentence of six months custody with supervised release to follow, noting that Mr. Ackerman's underlying crime is extremely dangerous and that the term of custody will allow the Probation Office time to develop a release plan for him.

### III. Analysis

Mr. Ackerman's supervised release should be revoked because he admitted to violating its conditions. He should be sentenced to six months in custody, with fifty-four months of supervised release to follow. Upon release from custody, Mr.

Ackerman shall be subject to the modified conditions of supervised release as set forth in the United States's petition. (Doc. 34). This sentence would be sufficient but not greater than necessary given the serious violation of the Court's trust.

## IV. Conclusion

Mr. Ackerman was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> Leslie Eric Ackerman violated the conditions of his supervised release by 1) associating with persons engaged in criminal activity, 2) using a controlled substance, and 3) frequenting places where controlled substances are illegally sold, used, or administered.

The Court **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Mr. Ackerman's supervised release and committing him to the custody of the United States Bureau of Prisons for six months in custody, with fifty-four months of supervised release to follow. Upon release from custody, Mr. Ackerman shall be subject to the modified conditions of supervised release noted above as reflected in the judgment.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 3rd day of April, 2018.

_____
John Johnston
United States Magistrate Judge