IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LESLIE ERIC ACKERMAN,<br><br>Defendant. | CR 04-108-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Leslie Eric Ackerman (Ackerman) has been accused of violating the conditions of his supervised release. Ackerman admitted all of the alleged violations. Ackerman's supervised release should be revoked. Ackerman should be placed in custody for 24 months, with no supervised release to follow. Ackerman should serve his term of custody at the Federal Medical Center in Rochester, Minnesota, or at similar facility.

## II. Status

Ackerman pleaded guilty to Aggravated Sexual Abuse on September 28, 2004. (Doc. 21). The Court sentenced Ackerman to 180 months of custody, followed by 5 years of supervised release. (Doc. 25). Ackerman's

current term of supervised release began on September 8, 2020. (Doc. 82 at 2).

**Petition**

The United States Probation Office filed a Petition on September 14, 2020, requesting that the Court revoke Ackerman's supervised release. (Doc. 82). The Petition alleged that Ackerman had violated the conditions of his supervised release: 1) by failing to report to his probation officer as directed; 2) by using methamphetamine and marijuana; and 3) by consuming alcohol.

**Initial appearance**

Ackerman appeared before the undersigned for his initial appearance on September 15, 2020. Ackerman was represented by counsel. Ackerman stated that he had read the petition and that he understood the allegations. Ackerman waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on September 15, 2020. Ackerman admitted that he had violated the conditions of his supervised release: 1) by failing to report to his probation officer as directed; 2) by using methamphetamine and marijuana; and 3) by consuming alcohol. The violations are serious and warrant revocation of Ackerman's supervised release.

Ackerman's violations are Grade C violations. Ackerman's criminal history category is I. Ackerman's underlying offense is a Class A felony. Ackerman could be incarcerated for up to 60 months. Ackerman could be ordered to remain on supervised release for up to 30 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Ackerman's supervised release should be revoked. Ackerman should be incarcerated for 24 months, with no supervised release to follow. Ackerman should serve his term of custody at the Federal Medical Center in Rochester, Minnesota, or at similar facility. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Ackerman that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Ackerman of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Ackerman that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Ackerman stated that he wished to waive his right to object to these Findings and

3

Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Leslie Eric Ackerman violated the conditions of his supervised release: by failing to report to his probation officer as directed; by using methamphetamine and marijuana; and by consuming alcohol.

The Court **RECOMMENDS:**

> That the District Court revoke Ackerman's supervised release and commit Ackerman to the custody of the United States Bureau of Prisons for 24 months, with no supervised release to follow. Ackerman should serve his term of custody at the Federal Medical Center in Rochester, Minnesota, or at similar facility.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court

judge.

DATED this 16th day of September, 2020.

/s/ John Johnston
John Johnston
United States Magistrate Judge